# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1133V
**Filed: September 10, 2018**
UNPUBLISHED

| | |
|---|---|
| JUDY BARTON and JONES BARTON as parents and natural guardians of E.B., a minor,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Clifford John Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Justine Elizabeth Walters, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 22, 2017, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that E.B. suffered "injuries, including intussusception, resulting from the adverse effects of a rotavirus vaccination received on June 2, 2017." Petition at 1. On May 2, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 26).

On August 22, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31). Petitioner requests attorneys' fees in the amount of $17,742.05 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $5,155.52.  *Id.* at 1.  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $401.61 in out-of-pocket expenses.  *Id.* at 1.  Thus, the total amount requested is $22,897.57.

On August 29, 2018, respondent filed a response to petitioner's motion.  (ECF No. 33).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner did not file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the following exceptions.

Attorney Sabrina S. Knickelbein billed 1.0 hour in 2018 at a rate of $396 per hour.  (ECF No. 31 at 14). The undersigned shall reduce Ms. Knickelbein's hourly rate to the previously awarded rate of $391 for 2018.  *See Pearson v. Sec'y of Health & Human Servs.,* No. 17-0670V, (Fed. Cl. Spec. Mstr., August 31, 2018) (setting Ms. Knickelbein's rate for 2018). This results in **a reduction of fees in the amount of $5.00**.

The undersigned notes a duplicated billing entry. On June 14, 2017, 2 entries are billed as (0.10 hrs) "Email from Jones."  (ECF No. 31 at 6). The duplicated entry totals 0.10 hours. The undersigned **reduces the request for attorney's fees by $44.00**, the amount of the duplicated entry.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,848.57[3] as follows:**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $22,446.96, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Clifford John Shoemaker; and**

- **A lump sum of $401.61, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.